IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BOSS STAPLETON                                                                                      PLAINTIFF

v.                                                                                           No. 4:13CV139-A-S

FAYE NOEL, ET AL.                                                                              DEFENDANTS

**REPORT AND RECOMMENDATION**

The plaintiff, an inmate in the custody of the Mississippi Department of Corrections, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in the present case filed under 42 U.S.C. § 1983 have sufficient merit to proceed. A plaintiff's claim must be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

The plaintiff claims that defendants Faye Noel, Richard Steward, and Mr. Turner entered his cell during a shakedown and confiscated his wedding band, his wife's wedding band, a ring his mother gave to him, and three watches. He never received a property receipt and cannot get a satisfactory answer regarding whether his belongings can be located, where they may be, or how he can get them sent back home. He received one Rule Violation Report for possessing the property, which was characterized in a response to that Rule Violation Report as contraband while, in another Rule Violation Report regarding the same property, the prison official who drafted the response denied that at least some of the property even existed. Thus, it appears that Stapleton has been punished for possession of contraband that was confiscated – but does not exist. The disappearance of his property coupled with

---

[1] 28 U.S.C. § 1915(g).

the contradictory Rule Violation Reports are sufficient to state a claim for taking of property without due process of law, and the case will proceed as to that claim against defendants Faye Noel, Richard Steward, and Mr. Turner, all of whom were present when the property was allegedly confiscated.

## *Respondeat Superior*

Defendants Epps and Lee, however, must be dismissed from this suit because they had no personal involvement in the taking of Stapleton's property. Section 1983 liability cannot be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable cause of action pursuant to § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, the plaintiff does not allege that Christopher Epps or Earnest Lee had any personal involvement or were causally connected to the alleged incident in any way. They were just the superiors of the remaining three defendants. As such, the undersigned respectfully recommends that this action be dismissed as to defendants Christopher Epps and Earnest Lee for failure to state a constitutional question.

## Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the

district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted, this, the 9th day of December, 2013.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE