# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

BOSS STAPLETON                                                            **PLAINTIFF**

V.                                                                       **NO. 4:13-CV-00139-DMB-DAS**

FAYE NOEL; RICHARD STEWARD;
CHRISTOPHER EPPS; EARNEST LEE;
MR. TURNER                                                         **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Boss Stapleton, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

## I.
## Factual Allegations

The plaintiff claims that defendants Faye Noel, Richard Steward, and Mr. Turner entered his cell during a shakedown and confiscated his wedding band, his wife's wedding band, a ring his mother gave to him, and three watches. He never received a property receipt and cannot get a satisfactory answer regarding whether his belongings can be located, where they may be, or how he can get them sent back home.

## II.
## Taking of Property Without Due Process of Law

Mr. Stapleton's allegations regarding the taking of his property must be dismissed for failure to state a federal constitutional question. The random and unauthorized deprivation of a

prisoner's property by a state actor does not violate the prisoner's due process rights if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984)*; Parratt v. Taylor,* 451 U.S. 527, 541–44 (1981)*, overruled in part by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986)*.*

The Paratt/Hudson doctrine provides "that no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct." *Martin v. Dallas Cnty., Tex.,* 822 F.2d 553, 555 (5th Cir. 1987); *see also Hudson,* 486 U.S. at 533; *Daniels,* 474 U.S. at 330–31; *White v. Epps,* 411 F. App'x 731, 732 (5th Cir. 2011). Thus, as Stapleton has not alleged that the state procedures under which the officials acted was unconstitutional, the initial question before the court as to the plaintiff's claim regarding the taking of his property is whether Mississippi law affords him an adequate post-deprivation remedy for his loss.

In most circumstances, prisoner suits against the Mississippi government are controlled by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-9 ("MTCA"). As to suits filed by prisoners, the MTCA states:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>     . . .
>
>     (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m). At first blush, this statute would seem to foreclose any remedies the plaintiff may have under state law. However, the plaintiff's remedy for the taking

of property arises directly from the Constitution of the State of Mississippi, which cannot be circumvented through a state statute. *Pickering v. Langston Law Firm, P.A.,* 88 So.3d 1269, 1288 (Miss. 2012) ("[A] statute cannot trump the Mississippi Constitution"). Certain unlawful taking of an inmate's property violate the Constitution of the State of Mississippi. *Bishop v. Reagans*, No. 4:11-cv-63, 2012 WL 1804623, at *2 (S.D. Miss. May 17, 2012), *citing Johnson v. King*, 85 So.3d 307 (Miss. Ct. App. 2012). Article 3, § 17 of the Mississippi Constitution reads:

> Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use by the public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.

The circumstances in *Johnson* are analogous to those in the instant case. The prison officials in *Johnson* confiscated the inmate's drinking mug and disposed of it. *Johnson*, 85 So.3d at 311–12. Johnson purchased the mug from the canteen with his money. *Id*. The mug was not considered contraband. The Mississippi Court of Appeals held that the taking of Johnson's mug violated the Mississippi Constitution and that prison officials had to either replace the mug or compensate Johnson for the fair value of the mug. *Id.* Those facts are substantially similar to the facts in the present case. As such, the plaintiff in this case has an adequate remedy under state law, and his claims for the taking of his property without due process of law must be dismissed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 17th day of July, 2014.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**